**Dennis R. McDANIELS, Appellant,**

v.

**UNITED STATES, Appellee.**

Nos. 95–CM–961, 95–CM–1036.

District of Columbia Court of Appeals.

Argued March 13, 1998.
Decided Sept. 3, 1998.

Elizabeth Kingma, with whom Colin M. Dunham, appointed by the court, was on the brief, for appellant.

Barbara J. Valliere, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney at the time the brief was filed, and John R. Fisher and Gregg A. Maisel, Assistant United States Attorneys, were on the brief, for appellee.

Before WAGNER, Chief Judge, and SCHWELB, Associate Judge, and KERN, Senior Judge.

PER CURIAM:

A jury convicted appellant of carrying a prohibited weapon (an AK–47 assault rifle) (D.C.Code § 22–3214(a) (1996 Repl.)), and of related offenses.[1] Appellant argues that the evidence was insufficient to sustain his conviction.[2] We affirm under the particular facts and circumstances contained in this record.

The record reflects that just after midnight on February 8, 1994, a police officer in a marked patrol car observed an auto owned and operated by appellant drive through a stop sign at the intersection of W and 14th Streets in the southeast section of the city.[3]

---

1. *See* D.C.Code § 22–3204 (1996 Repl.) (carrying a deadly weapon); D.C.Code §§ 6–2311, –2376 (1995 Repl.) (possession of an unregistered firearm); D.C.Code §§ 6–2361, –2376 (1995 Repl.) (unlawful possession of ammunition); and D.C.Code § 23–1327 (1996 Repl.) (violation of the Bail Reform Act).

2. Appellant also contended that the trial court should have dismissed the case because the court permitted a selection of petit jurors in violation of the District of Columbia Jury System Act.

Given this court's decision in *Carle v. United States,* 705 A.2d 682 (D.C.), *cert. denied,* —— U.S. ——, 118 S.Ct. 1400, 140 L.Ed.2d 658 (1998), counsel for appellant at oral argument in the instant case advised that he was not pursuing this argument.

3. At trial, defense counsel elicited by hearsay testimony that appellant was operating his auto on the night in question. We note that "[h]earsay evidence admitted without objection may be properly considered by the trier of fact and given

The officer activated his light and siren, but the car speeded up and proceeded to run through both another stop sign and a set of traffic lights as the officer pursued for three blocks. The pursuing officer called over his cruiser radio for backup. At this point, the car stopped on a grassy area behind Anacostia High School and its four occupants jumped out and ran behind the school building which was an unlighted area.

Thereafter, the four persons being pursued split up and a police officer responding to the first officer's call saw the pursuing officer chasing three persons who had run from behind the school onto Fairlawn Avenue. The second officer *twice* ordered one of them, who turned out to be appellant, to stop, finally threatening "to let the dog [in his cruiser] go." Appellant then dropped to the ground and was captured. The first officer ultimately caught one of the other three persons he had been pursuing.[4]

The officers searched the car and the area around it. They found on the ground about a foot from the opened right rear door of the car a loaded and operable AK–47 assault rifle and a thirty-round magazine for the rifle. The officers also found in the auto itself a knife on the back seat and a nine millimeter shell casing on the right rear floorboard.

█ This court, when considering a claim on appeal that the evidence was insufficient to support the jury's verdict, must view the evidence in a light most favorable to the government and determine whether such evidence was sufficient to allow a reasonable mind to fairly conclude guilt beyond a reasonable doubt. *Peterson v. United States*, 657 A.2d 756, 760 (D.C.1995). Since there is no evidence that appellant owned or had actual possession of the weapon at any time, the government relies upon the theory of constructive possession. To establish constructive possession, the government must prove that the appellant "(1) knew of the location of the [weapon]; (2) had the ability to exercise dominion and control over it; and (3) intended to exercise dominion and control over it." *Burnette v. United States*, 600 A.2d 1082, 1083 (D.C.1991) (citations omitted); *In re T.M.*, 577 A.2d 1149, 1151–52 (D.C.1990).

█ We are persuaded in the instant case that the jurors might reasonably conclude from the evidence of the location of the loaded AK–47 automatic rifle (and its ammunition) on the ground one foot from the open rear door of the abandoned auto that this prohibited weapon and its ammunition fell from or was thrown from the auto. Given the further evidence (1) that appellant owned and was operating the auto which had ignored the marked cruiser's signals and speeded up and driven to an unlighted area, and (2) that then all the occupants (including appellant) abandoned the auto and continued their flight until their capture, the jurors might also reasonably conclude that appellant not only had dominion and control over the weapon in the auto he owned and was driving but also had been prompted to take flight into a darkened area and jettison the rifle and its ammunition from his car because he knew as soon as the cruiser signaled him that the pursuing police would discover in his car the prohibited weapon.[5]

Appellant argues that the jurors could only have *speculated* in concluding that appellant possessed the prohibited weapons. He contends that one of the other occupants of the vehicle could have possessed the weapon without his knowledge and that there is no evidence of an ongoing criminal operation linking him to its possession.[6] We disagree.

its full probative value." *Abdulshakur v. District of Columbia*, 589 A.2d 1258, 1265 (D.C.1991) (quoting *Mack v. United States*, 570 A.2d 777, 782 (D.C.1990)).

4. This person was charged and tried as a codefendant with appellant, but the jury acquitted him.

5. We note that the jury convicted appellant but acquitted the codefendant who neither owned nor operated the auto.

6. Appellant also contends that there was no evidence that he was the driver of the car, and no fingerprints taken from the weapon, which had rust spots on it. At trial, defense counsel elicited testimony that appellant was operating his auto on the night of the offense. See note 3, *supra*. The effect of the absence of fingerprint evidence and the rust spots were facts to be considered and weighed by the jury. So long as the evidence which was presented is sufficient to support the conviction, we will sustain it.

Here, there was evidence that the owner and operator of an automobile took a series of evasive actions, both while driving the auto and then on foot after abandoning it. Nevertheless, the police in hot pursuit were able to take him into custody. A large (and hence highly visible) weapon was recovered from the ground one foot from the opened door of appellant's abandoned car. A jury could reasonably infer from the size of the weapon that appellant knew that it was in the vehicle and jointly and constructively possessed it with the other occupants. *See Brown v. United States,* 546 A.2d 390, 395 (D.C.1988); *Logan v. United States,* 489 A.2d 485, 491 (D.C.1985). The attempted concealment of this weapon could not have been done without appellant's active participation. *See Taylor v. United States,* 662 A.2d 1368, 1373 (D.C.1995) ("It is usually easy to establish that the owner of a car ... has constructive possession of illicit items recovered from these places."); *Brown, supra,* 546 A.2d at 397 (citing *Logan, supra,* 489 A.2d at 492) (concert of actions regarding the weapon supports finding of constructive possession). Upon the particular facts and circumstances of the instant case we are satisfied that the jury had such evidence from which they could fairly conclude beyond a reasonable doubt the appellant possessed the proscribed weapon. Accordingly, the verdict must be upheld and appellant's conviction.

*Affirmed.*