******************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

MULLINS, J., concurring. I agree with and join the majority opinion. I write separately to emphasize that the question of whether the state presented sufficient evidence that the defendant, Amelia Rhodes, constructively possessed the firearm in the vehicle, in violation of General Statutes (Rev. to 2013) § 53a-217 (a), is a close one and to comment on the use of flight evidence in this case.

In particular, the majority and the state highlight the fact that the defendant drove the vehicle 1.2 miles, while being chased by the police, in an effort to evade arrest as evidence of her constructive possession of a firearm, which supports her conviction of criminal possession of a firearm.[1] For the reasons set forth in the majority opinion, I ultimately agree that a rational fact finder could have concluded from this evidence that a reasonable explanation for the defendant's decision to flee was her intention to keep the firearm away from the police, thereby establishing her constructive possession of that firearm. See footnote 1 of this opinion. Nonetheless, the circumstances surrounding the use of flight evidence in this case give me pause.

Lamar Spann had just committed a shooting in broad daylight and in full view of the police. He then reentered the vehicle while armed, and the police officers, who had just witnessed Spann commit the shooting, were sharply focused on the vehicle and its occupants. Under these circumstances, it is not difficult to understand why someone in the defendant's position might have been reluctant to immediately surrender to the police. The defendant undoubtedly was well aware that the officers could have perceived her as armed and dangerous and, therefore, could have used deadly force against her. Indeed, the police have used deadly force on unarmed suspects for far less. Beyond that, Spann was sitting right next to her with a gun, telling her to "drive, go." Given these facts, it is entirely plausible that the defendant resorted to flight out of fear that surrendering would have placed her personal safety at risk—either at the hands of the police pursuing an armed suspect or the armed suspect sitting next to her.

Nevertheless, in reviewing the sufficiency of the evidence, "we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [jury's] verdict of guilty." (Internal quotation marks omitted.) *State* v. *Taupier*, 330 Conn. 149, 187, 193 A.3d 1 (2018), cert. denied,      U.S.     , 139 S. Ct. 1188, 203 L. Ed. 2d 202 (2019). Applying this standard, this court cannot substitute its judgment for that of the jury about what significance to accord the defendant's evasive con-

duct. "[T]he fact that ambiguities or explanations [for the defendant's flight] may exist which tend to rebut an inference of guilt . . . simply constitutes a factor for the jury's consideration. . . . The probative value of evidence of flight depends upon all the facts and circumstances and is a question of fact for the jury." (Citation omitted; internal quotation marks omitted.) *State* v. *Wright*, 198 Conn. 273, 281, 502 A.2d 911 (1986). Indeed, regardless of the alternative theories proposed by the defendant, "the critical point is that the jury could have drawn different inferences from [the] evidence, and our mandate is to affirm when the jury's choice was a rational one—which it was here." *United States* v. *Arnold*, 486 F.3d 177, 182 (6th Cir. 2007), cert. denied, 552 U.S. 1103, 128 S. Ct. 871, 169 L. Ed. 2d 736 (2008).

Thus, the presence of alternative explanations for the defendant's flight does not render the evidence insufficient. Ultimately, the motivation for the defendant's flight was a question for the jury. Because the jury rationally could have concluded that disposing of the firearm was a reasonable explanation for the defendant's decision to flee from the police, I am compelled to conclude that there was sufficient evidence of constructive possession of a firearm in the present case.

Accordingly, I respectfully concur.

[1] After Lamar Spann, the armed passenger in the vehicle driven by the defendant, committed the shooting and got back into the vehicle with the gun, the defendant drove the vehicle onto the curb to avoid the officers' vehicle, which they had attempted to use to block her escape. She then continued to flee at a high rate of speed with the officers in pursuit, narrowly avoiding pedestrians and speeding past stop signs without stopping. It has been established that, "[a]lthough mere proximity to a gun is insufficient to establish constructive possession, evidence of some other factor—including connection with a gun, proof of motive, a gesture implying control, *evasive conduct*, or a statement indicating involvement in an enterprise—coupled with proximity may suffice." (Emphasis added; internal quotation marks omitted.) *United States* v. *Alexander*, 331 F.3d 116, 127 (D.C. Cir. 2003). A driver of a vehicle who evades the police for the purpose of assisting a passenger to dispose of a firearm properly may be found to have constructively possessed that firearm. See *United States* v. *Witcher*, 753 Fed. Appx. 159, 161 (4th Cir. 2018); *State* v. *Bowens*, 118 Conn. App. 112, 123–24, 982 A.2d 1089 (2009), cert. denied, 295 Conn. 902, 988 A.2d 878 (2010); *McDaniels* v. *United States*, 718 A.2d 530, 531–32 (D.C. 1998); *Logan* v. *United States*, 489 A.2d 485, 491–92 (D.C. 1985); cf. *United States* v. *Chambers*, 918 F.2d 1455, 1458 (9th Cir. 1990) ("[c]onduct by the driver of a vehicle that appears intended to aid a passenger in disposing of the drug is probative of joint possession of the drug").